**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Sharon Mckenna,<br><br>Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: ______<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Sharon Mckenna, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Electronic Fund Transfer Act 15 U.S.C. § 1693, *et seq*. ("EFTA"), the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MCPA") and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Sharon Mckenna ("Plaintiff"), is an adult individual residing in Lawrence, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant Portfolio Recovery Associates, L.L.C. ("Portfolio"), is a business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Portfolio Engages in Harassment and Abusive Tactics

12. Within the last year, Portfolio placed up to 25 calls per week to Plaintiff's home telephone number in an attempt to collect the Debt.

13. Plaintiff agreed to pay Portfolio $100.00 each month until the Debt was paid.

14. In September 2013, Portfolio made a withdrawal of $100.14 from Plaintiff's bank account without providing Plaintiff with written confirmation of the payment agreement.

15. In October 2013, Portfolio attempted to make the next withdrawal from Plaintiff's account. Plaintiff stopped the payment because she had not received anything about the payment arrangement in writing.

16. Plaintiff spoke with Portfolio and requested that the payment arrangement be memorialized in a document and sent to her.

17. In response, a representative from Portfolio yelled at Plaintiff and said "Oh, so you don't want to pay?!"

**C. Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT,**
**15 U.S.C. § 1693 *et seq.***

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

30. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

31. Defendants debited Plaintiff's bank account on a monthly basis using "preauthorized electronic fund transfers" as defined in 15 U.S.C § 1693a(10).

32. Defendants violated 15 U.S.C. § 1693e(a) in that Defendants executed an electronic fund transfer from Plaintiff's account without Plaintiff's prior written authorization.

33. Defendants further failed to comply with the EFTA in that, insofar as Defendants purport to obtain consumer consent through telephonic tape-recording or electronic means,

Defendants failed to comply with the requirements of the Electronic Signatures In Global And National Commerce Act, 15 U.S.C. § 7001 et seq., because Defendants did not obtain from Plaintiff a valid "electronic signature" within the meaning of 15 U.S.C. § 7006(5), Defendants did not obtain valid consent from Plaintiff to provide electronic copies to them of their purported authorizations, and Defendants did not provide to Plaintiff any copies of their purported authorizations, including an electronic form or otherwise.

34. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the EFTA.

35. Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT III**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.**

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

38. The Defendants engaged the Plaintiff in communication via telephone, initiated by the Defendants, in excess of two calls in each seven-day period at the Plaintiff's residence and two calls in each 30-day period other than at the Plaintiff's residence, for each debt, in violation of 940 CMR § 7.04(1)(f).

39. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**COUNT IV**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

43. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff in the abovementioned facts.

44. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

45. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

47. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);
5. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against the Defendants;
6. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A) against the Defendants;
7. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3) against the Defendants
8. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
9. Punitive damages; and
10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 25, 2014

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff